# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ABAYOMI OKUPE,

      Petitioner,

    v.                              Case No. 2:26-cv-00255 KWR-SCY

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department*
*of Homeland Security,* TODD M. LYONS, *Acting Director of*
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director*
*for Detention and Removal, and*
DORA CASTRO, *Warden of Otero County Processing Center*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and is in detention pending his removal from the country under 8 U.S.C. § 1231. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioner is not entitled to release because he is detained with a significant likelihood of removal in the reasonably foreseeable future. Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

## BACKGROUND

Petitioner is a citizen of Nigeria.  Doc. 8-1 at ¶ 5. On or about August 8, 2012, Petitioner entered the United States on a non-immigrant student visa.  *Id.* at ¶ 6. His status ended upon the completion of his program on May 16, 2017.  *Id.* ¶ 7.  However, Petitioner failed to depart from the country.  *Id.* ¶ 8.

On June 13, 2019, Petitioner was arrested by ICE and processed for removal proceedings. On December 2, 2019, he was granted release under a bond.  *Id.* ¶ 10.  On July 31, 2024, Petitioner was ordered removed by an immigration judge.  *Id.* ¶ 11. Petitioner appealed that removal order. *Id.*  On June 25, 2025 Petitioner was again arrested by DHS.  *Id.* ¶ 15.

On July 17, 2025, an immigration judge denied Petitioner bond.  *Id.* ¶ 18.  On July 28, 2025, the BIA granted Petitioner's motion to withdraw the appeal of the removal order.  *Id.* ¶ 19. Thus, Petitioner's removal was final on July 28, 2025.

On August 14, 2025, Respondents requested travel documents from the Nigerian embassy. *Id.* ¶ 22. On January 20, 2026, Petitioner had an interview with the Nigerian consulate.  *Id.* ¶ 28. Nigeria approved his removal.  *Id.* at ¶ 29.[1] Respondents set a tentative date of departure for March 17, 2026.

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. §

---

[1] The paragraphs in the Corona Declaration are misnumbered.  The Court cites to the misnumbered paragraphs.

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. As explained below, Petitioner did not make an initial showing that his removal was not significantly likely in the reasonably foreseeable future. Even assuming the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future, Respondents made such a showing, and therefore Petitioner is not entitled to release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

3

Here, Petitioner's removal order became final on July 28, 2025, when his appeal was withdrawn and the immigration judge's removal order was affirmed. Petitioner asserts that more than six months have passed since his removal order became final on July 28, 2025.  Doc. 1 at 6. But he does not cite in his Petition any other facts establishing a good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. Thus, Petitioner has not shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

Alternatively, assuming Petitioner carried his initial burden, Respondents have shown that his removal is significantly likely in the reasonably forseeable future. After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.* In response, the Federal Respondents asserted that on August 14, 2025, Respondents requested travel documents from the Nigerian embassy. *Id.* ¶ 22. On January 20, 2026, Petitioner had an interview with the Nigerian consulate. Nigeria approved his removal. *Id.* at ¶¶ 28, 29. Respondents set a tentative date of departure for March 17, 2026.  Because Nigeria has agreed to accept Petitioner and his removal has tentative dates of departure set, the Court finds that Respondents have shown his removal is significantly likely in the reasonably foreseeable future.

## CONCLUSION

As explained above, the Court concludes that Petitioner is not entitled to release under *Zadvydas*, as he is detained with a significant likelihood of removal in the reasonably foreseeable future. Therefore, the Petition is denied. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**

for the reasons described in this Order.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE